## (November 27, 1936.)

In the Matter of the Arbitration of Certain Differences between LEW MORRIS DEMOLITION Co., INC., Petitioner, Respondent, and GEORGE F. DRISCOLL COMPANY, Appellant.

Order affirmed, with twenty dollars costs and disbursements. No opinion. Present — Martin, P. J., McAvoy, Untermyer, Dore and Cohn, JJ.; Martin, P. J., and Untermyer, J., dissent and vote to reverse and deny the motion; dissenting opinion by Untermyer, J.

UNTERMYER, J. (dissenting). The contract provides for arbitration only with respect to (1) " the true construction or meaning of the drawings or specifications," and (2) " the true value of the extra work, or of the work omitted by the Sub-

contractor." The present controversy concerns neither of these questions. It concerns a claim by the petitioner-respondent, a subcontractor, against the respondent-appellant, a contractor, arising out of the performance of work for the board of education of the city of New York, which, as stated in the petition, is for " increased cost of labor and a decreased price for the value of salvage that can be obtained from the property and cost of trucking increasing " and which " has brought about a material and substantial difference in the cost of performance to the petitioner." These losses are alleged to have been caused by delay on the part of the contractor in delivering possession of a portion of the premises to the subcontractor for the performance of the work.

It seems to me quite evident that the claim is not for " extra work " but for extra cost of work required to be performed by the subcontractor under the contract. Such a claim is for damages caused by the contractor's failure to perform the contract and is not included, nor could it have been intended to be included, in these restricted provisions for arbitration. (*Matter of Marchant* v. *Mead-Morrison M. Co.*, 252 N. Y. 284, 299–301; *Matter of Young* v. *Crescent Development* Co., 240 id. 244.)

The order should be reversed and the motion denied.

Martin, P. J., concurs.